## SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

This SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE ("Agreement") is entered into between CELIA REYES AND PAOLA LEDEZMA (referred to collectively as "Plaintiffs") and MILANUS JEWELRY DESIGNER CORP., LINDA MODA J.D. CORP., ROBERT BARRETO, and RAFAEL BARRETO (referred to collectively as "Defendants"). MILANUS JEWELRY DESIGNER CORP., and LINDA MODA J.D. CORP. is defined to include any and all related entities, subsidiaries, affiliates, related companies, shareholders, assigns, as well as all respective former and current directors, administrators, agents, officers, supervisors, employees, attorneys, representatives, insurers, and officials (all in their official and individual capacities), as well as their heirs, executors, administrators, predecessors, successors, insurers, assigns, and all other persons, partnerships, firms or corporations, and their insurers who are related to MILANUS JEWELRY DESIGNER CORP., LINDA MODA J.D. CORP.

WHEREAS, Plaintiff filed a lawsuit against Defendant in the District Court for the Southern District of Florida, styled CELIA REYES AND PAOLA[1] LEDEZMA v., Case No. 15-23956-DPG alleging that Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 216(b) by failing to pay them overtime wages, and;

WHEREAS, Defendants deny all of the allegations made by Plaintiffs in the case; and,

WHEREAS, the parties prefer to avoid the uncertainties and expense of further litigation and, instead, desire to set forth in this Agreement, without establishing precedent, the terms and conditions of the settlement of Plaintiffs' claims, including the release of any and all claims that

---

[1] Plaintiffs' counsel misspelled the name of Paola Ledezma as Paula Ledezma when he filed the Complaint.

they have or could possibly have against Defendants, in exchange for the consideration described herein.

NOW, THEREFORE, in consideration of their mutual promises and other good and valuable consideration, receipt of which is hereby acknowledged, the parties, intending to be legally bound, agree as follows:

1. **Consideration.**

In consideration for Plaintiffs' agreement to give the release stated in this Agreement, in addition to fulfilling the other promises set forth herein, within seven (7) days of the Court approving this Agreement, Defendants shall pay to Plaintiffs $6,500.00 as follows:

1) A check made payable to Celia Reyes in the amount of $1,750.00, for alleged unpaid overtime and liquidated damages;

2) A check made payable to Paola Ledezma in the amount of $1,750.00, for alleged unpaid overtime and liquidated damages; and,

2) A check made payable to the "Law Office of David Chonin in the amount of $3,000.00 to compensate Plaintiff for attorney's fees and court costs. Plaintiffs accepts this amount in settlement of all claims.

Plaintiffs agree that the consideration being provided by Defendants in this Agreement constitutes adequate and ample consideration for the rights and claims they are waiving under this Agreement and for the obligation imposed upon them by virtue of this Agreement.

2. **No Lawsuits or Claims.**

Plaintiffs and Defendants represent and agree that they will not hereafter pursue, initiate, or cause to be instituted against each other, any dispute that is released herein. Plaintiffs further represents that they do not currently have pending before any court or before any federal, state or

local agency any dispute of any kind against Defendants, other than Case No. 15-23956. If it is determined that Plaintiffs has any other lawsuit, charge of discrimination, or other claim pending against Defendants, Plaintiffs agree to dismiss any such claims, with prejudice, immediately upon determining that such charge or claim is pending.

3. **Mutual Full Waiver and Release of All Claims.**

In exchange for the consideration described in this Agreement, Plaintiffs and Defendants irrevocably, knowingly, and voluntarily releases, waives, and forever discharge any and all claims, demands, actions, or causes of action, of any kind whatsoever, known or unknown, foreseen or unforeseen, foreseeable or unforeseeable, and any consequences thereof, which they have or may have against each other from the beginning of the world until the execution of this Agreement. The disputes released by Plaintiffs include, but are not limited to, any and all disputes against Defendants concerning their employment, wages, and separation from employment with Defendants.

The disputes released by Plaintiffs and Defendants include those known or unknown, actual or contingent, in law, in equity, or otherwise and whether based in tort, contract, statute, or any other basis. This release includes all disputes for which Plaintiffs and Defendants could seek equitable relief, and actual, compensatory, consequential, liquidated, punitive, special, multiple or other damages, expenses (including attorneys' fees and costs), and all other reimbursements or charges of any kind. The disputes released by Plaintiffs and Defendants also includes any and all disputes they may have against each other in contract or at common law, including, but not limited to, breach of oral, written and/or implied contract, an implied covenant of good faith and fair dealing, wrongful discharge under any theory, including for lack of good cause, in violation of public policy, and constructive discharge, intentional and negligent infliction of emotional

distress, any tort action, negligent retention and supervision, assault, battery, negligence, misrepresentation or fraud of any kind, duress, unfair dealing, breach of fiduciary or other duty, invasion of privacy, defamation, false imprisonment, and interference with contract and/or prospective economic advantage.

The reference herein to specific statutory, contract and common law claims is in no way intended to limit the disputes released by Plaintiffs and Defendants. Plaintiffs and Defendants intend that the disputes that they release be construed as broadly as possible to cover any and all disputes they may have or believe to have against each other. In that regard, Plaintiffs and Defendants further acknowledge that they may later discover facts in addition to or different from those which he now knows or believes to be true. Plaintiffs and Defendants agree that any such difference in the facts shall not affect this Agreement; that he assumes the risk of any such difference in the facts; and that they further agree that this Agreement shall remain in full force and effect and not be subject to rescission by reason of any such difference in the facts.

Plaintiffs also agrees and acknowledge that this Agreement is also entered into pursuant to Section 440.20(11)(c)(d) and (e), Florida Statutes, and is intended to be a complete and final settlement of any and all workers' compensation benefits under Chapter 440, Florida Statutes, including, but not limited to, future medical benefits. Plaintiffs also stipulates that all accidents, injuries, repetitive traumas, exposures, and occupational diseases known to have occurred or been sustained due to employment by Defendants has been revealed. Plaintiffs agree that this Agreement includes all accidents, occupational diseases and injuries sustained while employed by Defendants, whether reported or not. It is Plaintiffs' and Defendants' intention to fully, finally and forever resolve and release any and all disputes that they may have or believe they

have against each other with respect to any alleged acts occurring before the effective date of this Agreement, whether those disputes presently are known or unknown, suspected or unsuspected.

4. **No Future Employment.**

Plaintiffs agree that they will never seek employment or reinstatement of his employment with Defendants. Plaintiffs also agrees that should they breach this provision of the Agreement in that they seek reemployment or reinstatement and, thereafter, files any type of administrative or legal action, that such administrative or legal action shall be immediately dismissed with prejudice, that Defendants shall be entitled to an injunction barring such action, and that the prevailing party shall be entitled to recover its attorneys' fees and costs.

5. **No Admission of Liability or Wrongdoing.**

The parties to this Agreement agree that nothing contained in this Agreement or otherwise shall constitute or be construed as an admission of any alleged liability or wrongdoing by Defendants. Indeed, the parties deny that any of them engaged in any wrongdoing of any kind with respect to any other party.

6. **Non-Disparage.**

The Parties agree that they will not make or cause to be made any statements that disparage or damage the reputation of the other. In the event such a communication is made to anyone, including but not limited to the media, public interest groups and publishing companies, it will be considered a material breach of the terms of this Agreement and the other party shall be entitled to all other remedies allowed in law or equity. The Plaintiffs also agree that they will not encourage or incite other current or former Employees of Employer to disparage or assert any complaint, claim or charge, or to initiate any legal proceeding, against Employer.

7. **Tax Consequences of Settlement.**

Plaintiffs understands and agrees that should the IRS, or any other taxing authority or other federal, state, or local agency assert, argue, or determine that any money received or paid pursuant to this Agreement that was not subject to withholding and/or deductions, is taxable wages, income, or benefits of any kind, Plaintiff will be solely and individually responsible for the payment of any and all taxes, contributions, withholdings, or deductions. Plaintiffs' responsibility for such taxes, withholding, contribution and/or deduction includes, but not limited to, the amount of the tax, withholding, contribution and/or deduction as well as any and all penalties, interest, fees, fines, attorneys' fees and costs, related to the amount of taxes, withholding, contribution and/or deduction that should have been paid by Plaintiffs. Plaintiffs further agrees that he will indemnify, reimburse, and hold Defendants harmless for any and all taxes, contributions, withholdings, deductions, fees, attorneys' fees and costs, interest and/or penalties related to the amount of taxes, withholding, contribution and/or deduction attributable to what should have been paid by Plaintiffs.

8. **Governing Law and Interpretation.**

This Agreement shall be governed by and construed in accordance with the laws of the State of Florida, and where applicable, federal laws. The language of this Agreement shall be construed as a whole, according to its fair meaning, and not strictly construed for or against either party.

9. **Amendment; Signatures.**

This Agreement may not be amended except by a written agreement signed by the parties or signed by their respective administrators, trustees, personal representatives, or successors.

10. **Headings.**

Section headings and subheadings are used in this Agreement for ease of reference only and shall not affect the meaning of any provision of this Agreement.

11. **Disputes.**

In the event that any party to this Agreement institutes legal proceedings for breach of the terms of this Agreement, it is stipulated and agreed that such a claim shall be heard and determined in Miami-Dade County, Florida. Furthermore, in the event that it shall be necessary for any party to this Agreement to institute legal action to enforce any of the terms and conditions or provisions contained herein, or for any breach thereof, the prevailing party shall be entitled to costs and reasonable attorney's fees up through any appeals.

12. **Counterparts**

This Agreement may be executed in counterparts.

13. **Entire Agreement.**

The parties acknowledge that they have carefully read and understand this Agreement and agree that none of the parties have made any representations other than those contained herein. The parties also acknowledge that they have entered into this Agreement voluntarily, without any pressure or coercion, and with full knowledge of its significance, and that this Agreement constitutes a **FULL AND ABSOLUTE SETTLEMENT AND BAR AS TO ANY AND ALL CLAIMS** the parties have, had, or may have against each other.

**THE PARTIES HAVE READ, UNDERSTOOD, AND FULLY CONSIDERED THIS AGREEMENT AND ARE MUTUALLY DESIROUS OF ENTERING INTO SUCH AGREEMENT. THE TERMS OF THIS AGREEMENT ARE THE PRODUCT OF MUTUAL NEGOTIATION AND COMPROMISE BETWEEN PLAINTIFFS AND**

DEFENDANTS. HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE BENEFITS SET FORTH ABOVE, PLAINTIFFS AND DEFENDANTS FREELY AND KNOWINGLY, AND AFTERDUE CONSIDERATION, ENTERS INTO THIS AGREEMENT.

WHEREFORE, the parties, intending to be legally bound, execute this Agreement as of this 11th day of January, 2016.

_Celia Reyes_
CELIA REYES

_Paola Ledezma_
PAOLA LEDEZMA

_____
ROBERT BARRETO

_____
RAFAEL BARRETO

_____
MILANUS JEWELRY DESIGNER CORP.
BY_____
PRINT NAME_____
ITS_____

_____
LINDA MODA J.D. CORP.
BY_____
PRINT NAME_____
ITS_____

DEFENDANTS. HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE BENEFITS SET FORTH ABOVE, PLAINTIFFS AND DEFENDANTS FREELY AND KNOWINGLY, AND AFTERDUE CONSIDERATION, ENTERS INTO THIS AGREEMENT.

WHEREFORE, the parties, intending to be legally bound, execute this Agreement as of this _____ day of _____, 2015.

_____     _____
CELIA REYES                          ROBERT BARRETO

_____     _____
PAOLA LEDEZMA                        RAFAEL BARRETO

                                     _____
                                     MILANUS JEWELRY DESIGNER CORP.

                                     BY _____

                                     PRINT NAME _____

                                     ITS _____

                                     _____
                                     LINDA MODA J.D. CORP.

                                     BY _____

                                     PRINT NAME _____

                                     ITS _____